UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

GARY A. CRIGLER                                          CASE NO. 10-22769
DONNA J. CRIGLER

DEBTORS

**MEMORANDUM OPINION AND ORDER**

This submitted matter is before the Court following a confirmation hearing held on March 8, 2011 on Debtors' Amended Chapter 13 Plan ("Plan") [DOC 47] which has been objected to by Southern Tax Services, LLC ("Southern"), the holder of a certificate of delinquency for a tax claim for unpaid Boone County ad valorem taxes that it purchased from the Boone County Clerk [DOC 53].  For the reasons set forth below, the Court holds that Southern's claim is a fully secured tax claim entitled to post-petition interest at the rate prescribed by K.R.S. § 134.125 plus its reasonable attorneys' fees.

Facts.  The facts are not in dispute.

On October 1, 2010, Debtors filed their Chapter 13 Voluntary Petition listing their real property located at 1407 Whispering Pines Drive, Hebron (Boone County), Kentucky as having a value of $190,000.00, and listing "Boone County Sheriff" as having an unsecured priority claim in the amount of $2,758.20 for Debtors' delinquent 2009 property taxes [DOC 1 pages 10, 22].  Debtors' Chapter 13 Plan [DOC 2], made no mention of either the Boone County Sheriff or Southern; however the standard provision for the treatment of priority claims was set forth in Section III of that Plan.

On November 19, 2010, Southern filed its proof of claim [POC 12-1] in the amount of $4,852.17 based on "delinquent property taxes"

secured by the Hebron real estate; the amount included pre-petition and post-petition interest, a pre-petition administrative fee, and what appears to be "post-petition" attorneys' fees.  Southern also filed an objection to Debtors' plan [DOC 19] asserting that the plan failed to comply with 11 U.S.C. § 1322 because Debtors had not included or properly treated Southern's secured tax claim in the Plan.

Commencing on January 11, 2011, at the Chapter 13 Trustee's initial hearing on confirmation, and continuing until Debtors eventually filed their Amended Chapter 13 Plan [DOC 47] on February 21, 2011, Debtors' counsel disputed that Southern held any secured claim. On February 2, 2011, Southern's counsel sent Debtors' counsel a letter stating that Southern had a secured claim which includes post-petition attorneys' fees and warning Debtors' counsel that additional fees would be added in protecting Southern's claim.

The confirmation hearing scheduled for February 15, 2011, was continued at the request of the Debtors [*see* DOC 37], with the Court granting the Debtors 14 days to amend their plan [DOC 39].

On February 18, 2011, Southern amended its proof of claim [POC 12-2] increasing the amount of its secured claim to $8,018.76 which included continuing interest and legal fees incurred by Southern for "exercising its collection remedies or protecting its certificate of delinquency."

Debtors' amended plan filed on February 21, 2011 [DOC 47], listed Southern's claim as secured but purported to limit the amount to $4,852.17 and treat any remaining claim as unsecured.  *See* Plan, Section II.A.1. "Secured Claims Valued Under § 506."

Southern timely objected to this amended plan [DOC 53], again

2

arguing that the Plan must provide for the full amount of its tax claim, including post-petition interest and attorneys' fees.

Thereafter, on March 3, 2011, Debtors filed a memorandum in support of confirmation [DOC 54] arguing that it was appropriate to initially list Southern's secured claim as priority, that Southern is not entitled to post-petition attorneys' fees, and that Southern's attorneys' fees are unreasonable.

In response, Southern amended its proof of claim [POC 12-3] increasing its secured claim to $11,402.25 which included additional legal fees and interest through March 6, 2011. Southern also filed its reply in support of its objection to confirmation [DOC 57] arguing that it is entitled to post-petition attorneys' fees, and that its fees are reasonable.

On the morning of the continued confirmation hearing, March 8, 2011, Debtors filed a supplemental memorandum in support of confirmation [DOC 58] making specific objections to the reasonableness of Southern's attorneys' fees. The confirmation hearing was held and the Court authorized Southern to file a supplemental "reply" to the Debtors' attorneys' fees objection. The supplemental reply [DOC 60] asserts, *inter alia*, that Southern's attorneys' fees were incurred mostly because of Debtors' counsel taking untenable positions. Debtors amended their plan again [DOC 62]; however, that amendment does not alter the treatment of Southern, i.e., it still purports to limit Southern's allowed secured claim to $4,852.17.

<u>Conclusions of Law</u>

K.R.S. § 134.420(1) gives counties a lien on property assessed for taxes due for 11 years following the date when the taxes become

3

due.  K.R.S. § 134.420(3) states that those liens shall have priority over any other obligation or liability for which the property is liable.  Therefore, county taxes assessed against real property have priority over a recorded mortgage. <u>Midland-Guardian Co. v. McElroy</u>, 563 S.W. 2d 752 (Ky. App. 1978). Boone County clearly had a lien for Debtors' delinquent 2009 property taxes with priority over any mortgages.

K.R.S. § 134.010(1) states that a certificate of delinquency means a tax claim on real property for taxes. K.R.S. § 134.010(15) defines a "tax claim" as follows:

> ...the taxes due on a tax bill, the penalties, costs, fees, interests, commissions, the lien provided in K.R.S. § 134.420 and any other expenses that have become or are by reason of the delinquent tax bill proper legal charges imposed by this chapter against the delinquent taxpayer at any given time; ...

K.R.S. § 134.010(16) defines a third-party purchaser as a purchaser of a certificate of delinquency. Accordingly, Southern is clearly a third-party purchaser and holds a lien on the Hebron property which has priority over Debtors' consensual recorded mortgages.

K.R.S. § 134.452 provides generally that third-party purchasers of certificates of delinquency shall be entitled to collect: (1) the amount actually paid for the certificate of delinquency; (2) interest as provided in K.R.S. § 134.125; (3) attorneys' fees incurred for collection efforts prior to litigation not to exceed $700.00; (4) administrative fees not to exceed $100.00; and (5) "actual reasonable attorneys' fees and costs that arise due to the prosecution of collection remedies or the protection of a certificate of delinquency that is involved in litigation."

Section 502(b)(3) of the Bankruptcy Code provides for the allowance of claims for taxes assessed against property of the estate. Pursuant to section 506(b), a holder of an over-secured claim is entitled to interest on the claim and "reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." 11 U.S.C. § 506(b). Similarly, Section 511 provides that the rate of interest on a tax claim is determined under applicable non-bankruptcy law. Here that rate is 12% pursuant to K.R.S. § 134.125, and as provided in Southern's proof of claim.

The Bankruptcy Code does not disallow claims for attorneys' fees based solely on the fact that fees were incurred litigating issues of bankruptcy law. <u>Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.</u>, 549 U.S. 443 (2007). The fact that the issues involved in this matter occurred post-petition does not change Southern's entitlement to reasonable attorneys' fees if they were incurred either to protect its certificate of delinquency or to prosecute its collection remedies.

Although Debtors complain about Southern's escalating attorneys' fees, the record is clear that the acts of Debtors contributed to the increase of the fees – Southern merely responded both to Debtors' continuous untenable arguments disputing that Southern held any secured claim and the numerous plans filed by Debtors, none of which treat Southern's claim in accordance with applicable law. Southern was appropriately and reasonably reactive to those arguments/pleadings and incurred fees in the process.

Debtors complain specifically about the following claims for attorneys' fees: (1) preparation of the proof of claim solely for the

purposes of amending it to include more attorneys' fees ($275.00); (2) attention to the objection deadline ($100.00); (3) consideration of whether appeal should be sought when this Court has not even ruled on the matter ($100.00); and (4) preparation of an objection to a plan that gives Southern the precise treatment that it originally sought but for expressly agreeing to pay its attorneys' fees ($1,475.00). The Court finds that all of these fees are reasonable in light of Debtors' consistent untenable legal positions and the post-petition fees were incurred both to protect Southern's certificate of delinquency in litigation and in the proper prosecution of its collection remedies.

Southern's Objections to Confirmation are SUSTAINED and Debtors shall amend their plan to treat Southern's amended claim [Claim 12-3] as fully secured (*see* Plan, Section II.A.3 "Secured Claims Not Subject to Valuation Under § 506") and provide for continuing interest at the rate of 12% as prescribed by K.R.S. § 134.125. The Confirmation Hearing scheduled for April 12, 2011, is hereby CONTINUED to the May docket and the Chapter 13 Trustee shall tender an order continuing in conformity herewith.


Copy to:

Nicholas A. Zingarelli, Esq.
J. Kent Durning, Esq.
Lea Pauley Goff, Esq.
Beverly M. Burden, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Friday, April 08, 2011
(tnw)**